Erik Strindberg (Utah Bar No. 4154)
Mat Harrison (Utah Bar No. 13735)
**STRINDBERG & SCHOLNICK, LLC**
675 East 2100 South, Suite 350
Salt Lake City, UT 84106
Telephone (801) 359-4169
Facsimile (801) 359-4313
Email: erik@utahjobjustice.com
mat@utahjobjustice.com

Alan J. Reinach, Esq. of counsel, *pro hac vice pending*
Church State Council
2686 Townsgate Road
Westlake Village, CA 91361
Fax: 805-497-7099
Phone: 805-413-7398
Email: ajreinach@churchstate.org

*Attorneys for Plaintiff Enedina Alfaro*

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| **ENEDINA ALFARO,**<br><br>Plaintiff,<br>v.<br><br>**LITTLE AMERICA HOTEL COMPANY**,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY DEMAND**<br><br>**Civil No. 2:14CV00310-TC**<br>**Judge: Tena Campbell** |

---

Plaintiff Enedina Alfaro (hereinafter "Plaintiff" or "Ms. Alfaro"), by and through her undersigned attorneys, hereby submits the following Complaint against Little America

Hotel Company (d/b/a Little America Hotel)("Little America") as follows:

**Nature of the Case**

Plaintiff is an active member of the Seventh-Day Adventist Church whose members celebrate the Sabbath from sundown on Friday to sundown on Saturday during which time they refrain from working. Little America terminated Plaintiff from her position at Little America Hotel, Salt Lake City, Utah, for refusing to violate her Sabbath by working on Saturdays. Little America's actions violate Title VII of the Civil Rights Act and Plaintiff brings this action for:

1. Religious discrimination/failure to accommodate in violation of Title VII of the Civil Rights Act of 1964;
2. Retaliation in violation of Title VII; and
3. Religious Harassment in violation of Title VII.

**Parties**

1. Plaintiff was employed as a housekeeper by Defendants at its Salt Lake City hotel until her termination due to religious discrimination/failure to accommodate her religious observance of the Sabbath. At all times relevant herein, Plaintiff is an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and is a member of a protected class based on her religion – Seventh-day Adventist.

2. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. On information and belief, with respect to Plaintiff's claims for compensatory and punitive damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Defendant employs more than 500 persons subject to that statute.

## Jurisdiction and Venue

3. This action is brought to remedy religious discrimination and retaliation against Plaintiff. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000b and 2000e-(j); the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment, a subject of commerce.

5. Venue is proper in the United States District Court, District of Utah pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff's claim for relief arose out of her employment by Defendant at its hotel in Salt Lake City, Utah, where all relevant events and omissions supporting Plaintiff's claims for relief occurred.

6. Plaintiff timely filed a charge of discrimination alleging religious discrimination with the Utah Labor Commission and the U.S. Equal Employment Opportunity Commission [hereinafter "EEOC"]. Plaintiff received a right-to-sue letter from the EEOC and has exhausted her administrative remedies. She files this Complaint within ninety (90) days of receipt of her EEOC right-to-sue letter.

## Factual Allegations

7. Plaintiff is a Seventh-day Adventist.

8. One of the teachings of her church is to observe the Sabbath as a day of rest

and worship from sundown Friday to sundown Saturday.

9. The Seventh-day Adventist Church teaches that secular employment is not to be performed on the Sabbath.

10. Seventh-day Adventists believe that the obligation to refrain from secular work on the Sabbath was established by the Creator, not by the church, and that individuals are responsible to God for their faithful obedience or disobedience of this obligation.

11. The Sabbath belief is reflected in the name of the church, i.e., "Seventh-day," and also is included among the church's fundamental beliefs, listed as number 20:

> The beneficent Creator, after the six days of Creation, rested on the seventh day and instituted the Sabbath for all people as a memorial of Creation. The fourth commandment of God's unchangeable law requires the observance of this seventh-day Sabbath as the day of rest, worship, and ministry in harmony with the teaching and practice of Jesus, the Lord of the Sabbath. The Sabbath is a day of delightful communion with God and one another. It is a symbol of our redemption in Christ, a sign of our sanctification, a token of our allegiance, and a foretaste of our eternal future in God's kingdom. The Sabbath is God's perpetual sign of His eternal covenant between Him and His people. Joyful observance of this holy time from evening to evening, sunset to sunset, is a celebration of God's creative and redemptive acts. (Gen. 2:1-3; Ex. 20:8-11; Luke 4:16; Isa. 56:5, 6; 58:13, 14; Matt. 12:1-12; Ex. 31:13-17; Eze. 20:12, 20; Deut. 5:12-15; Heb. 4:1-11; Lev. 23:32; Mark 1:32.)

12. Plaintiff Alfaro began working for Defendant as a housekeeper in 2004.

13. At the time she was hired (and thereafter), Alfaro notified her managers that as a Seventh-day Adventist, she would be unavailable for work from sundown Friday to sundown Saturday.

14. From 2004 until April, 2012, Defendant provided a religious

accommodation to Plaintiff Alfaro, and did not schedule her or otherwise require her to work a shift that conflicted with her Sabbath observance.

15. On April 20, 2012, Plaintiff Alfaro's manager, Claudia Abalos, issued a letter to Plaintiff under the heading "Employee Notification of Disciplinary Action."

16. In this Notification, Ms. Abalos informed Plaintiff Alfaro that she was required to work on Saturday, April 21, 2012, and failure to do so would result in her termination.

17. Ms. Abalos admitted in this Notification that she had been accommodating Plaintiff Alfaro's "Saturday needs" for the past five years.

18. Ms. Abalos' Notification also stated that "From now on your schedule will be in rotating basis and you will be required to work as your schedule is posted."

19. Ms. Abalos stated further: "Little America Hotel has a strict policy regarding absenteeism and tardiness, consistency and punctuality are required."

20. April 21, 2012 was the first time that Defendant required Plaintiff Alfaro to work on a Saturday in approximately eight (8) years of employment.

21. Plaintiff Alfaro informed Ms. Abalos that she would not work on April 21, 2012, a Saturday.

22. Notwithstanding Plaintiff Alfaro's having notified Ms. Abalos that she would not work on Saturday, April 21, 2012, Defendant issued Plaintiff Alfaro a Termination Form on April 23rd charging her with a "no show/no call" and immediately terminating her employment.

23. The Termination Form provides the following basis for the termination:

"She refuses to work on Saturday was a no call/no show."

24. The Termination Form further provides that Plaintiff Alfaro could be rehired: "If she is planning to work on Saturday she can be re-hired."

25. After being fired, Ms. Alfaro filed a Charge of Discrimination with the Utah Labor Commission. After conducting an investigation, the Utah Labor Commission issued a Determination dated May 14, 2013, finding the facts listed above and finding "Reasonable Cause" to believe that Plaintiff Alfaro had been subjected to unlawful religious discrimination.

## FIRST CLAIM FOR RELIEF

### Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964

26. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above, as though repeated and set forth in full herein.

27. Plaintiff Alfaro was at all times herein an employee covered by 42 U.S.C. § 2000e, *et seq*., prohibiting discrimination in employment on the basis of religion. Defendant was at all times herein an employer subject to 42 U.S.C. 2000e, *et seq*.

28. Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e *et. seq*., makes it unlawful for an employer to discriminate against an employee on the basis of religion.

29. Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e(j), also specifically requires employers to provide reasonable accommodation for all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that

such accommodation to an employee's or prospective employee's religious observance would incur an undue hardship.

30. Plaintiff Alfaro is a member of a protected class based on her religion – Seventh-day Adventist.

31. Plaintiff Alfaro notified her employer that she does not work from sundown Friday to sundown Saturday for religious reasons at the time she was hired, and periodically throughout the course of her employment.

32. Defendant revoked a longstanding religious accommodation in April, 2012, and for the first time, required Plaintiff Alfaro to work on Saturday.

33. Defendant then terminated Plaintiff Alfaro's employment because of her failure to work a single shift on Saturday, April 21, 2012.

34. Defendant intentionally, and without any legitimate business reason, refused to continue to provide Plaintiff Alfaro with a reasonable accommodation of her religious observance of the Sabbath, as required by Title VII of the Civil Rights Act of 1964.

35. On information and belief, Defendant's actions as alleged violated its own policy, willfully and intentionally, and in conscious and reckless disregard of Plaintiff's Federally protected civil rights.

36. As a proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the loss of wages, salary, and benefits, in an amount according to proof.

37. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered public humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

38. Because Defendant's discriminatory actions were done maliciously and in reckless and wanton indifference to Plaintiff's civil rights, Plaintiff seeks punitive damages sufficient to prevent defendant from engaging in similar hiring practices, and to send a clear signal that such intentional and flagrant discrimination will not be tolerated in the State of Utah.

39. 42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Plaintiff is seeking reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

40. Plaintiff Alfaro incorporates by reference the allegations contained in the set forth above, as though repeated and set forth in full herein.

41. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), it is an unlawful employment practice for an employer to retaliate against an employee who opposes unlawful discriminatory conduct.

42. As alleged herein, Plaintiff Alfaro engaged in a protected activity when she regularly requested religious accommodation for her Sabbath observance.

43. On or about April 20, 2012, Plaintiff Alfaro again informed her manager, Claudia Abalos that she would not work on Saturdays since it is her Sabbath.

44. That same day Ms. Abalos issued to Plaintiff an Employee Notification of Disciplinary Action, which threatened to terminate Plaintiff if she did not work the following day.

45. When Plaintiff refused to work on April 21, 2012, Defendant immediately terminated her employment.

46. The issuance of this disciplinary notice and Defendant's subsequent action terminating her employment were in retaliation for asserting the right to religious accommodation, a protected activity under Title VII.

47. As a proximate result of Defendant's retaliatory actions against Plaintiff Alfaro, Plaintiff Alfaro has been harmed in that she has suffered the loss of wages, salary, and benefits, in an amount according to proof.

48. As a further proximate result of Defendant's retaliatory actions against her, Plaintiff Alfaro has been harmed in that she has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

49. Because Defendant's retaliatory actions were done maliciously and in reckless and wanton indifference to her civil rights, Plaintiff Alfaro seek punitive damages sufficient to punish defendant, and to send a clear signal that such intentional and flagrant discrimination will not be tolerated in the State of Utah.

50. Attorney's fees are recoverable in an action for which they are specifically

provided by statute. Title 42 U.S.C. §§1988 and 2000e-5(k) provide that reasonable attorney's fees and costs are recoverable herein. Plaintiff is entitled to reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### Quid Pro Quo Harassment in Violation of Title VII of the Civil Rights Act of 1964

51. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above, as though repeated and set forth in full herein.

52. Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e et. seq., makes it unlawful for an employer to harass an employee because of his religious belief.

53. Religious harassment in violation of Title VII occurs when an employee is required to abandon or alter a religious practice as a condition of employment. This is often referred to as "quid pro quo" harassment.

54. Defendant clearly communicated to Plaintiff Alfaro that a condition of her remaining employed was for her to alter or abandon her religious observance of the Sabbath, and to begin working on Saturday whenever she was scheduled.

55. On or about April 20, 2012, Ms. Abalos, on behalf of the Defendant, issued to Plaintiff an Employee Notification of Disciplinary Action, which threatened to terminate Plaintiff if she did not abandon her religious observance and work the following day.

56. When Plaintiff did not work on April 21, 2012, Defendant terminated her employment and in the Termination Notice it issued to Plaintiff Alfaro stated that she would

be eligible for rehire should she agree to work on Saturday.

57. Defendant required Plaintiff Alfaro to alter or abandon her religious observance of the Sabbath in order to remain employed, and when she refused to do so, terminated her employment.

59. Defendant's conduct constitutes quid pro quo religious harassment in violation of Title VII and as also referenced in the EEOC Compliance Manual.

60. As a proximate result of Defendant's harassment, Plaintiff Alfaro has been harmed in that she has suffered the loss of wages, salary, and benefits, in an amount according to proof.

61 As a further proximate result of Defendant's discriminatory actions against her, as alleged above, Plaintiff Alfaro has been harmed in that she has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

62. 42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Plaintiff is seeking reasonable attorney's fees and costs.

## **Demand for Jury Trial**

63. Plaintiff hereby demands a jury trial as provided for by Rule 38(a) of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Enedina Algaro respectfully requests that this Court:

1. Grant a permanent injunction enjoining Defendant, its agents and employees, and all persons acting in active concert or participation with it, from engaging in religious discrimination, retaliation and harassment, and any other employment practice which discriminates on the basis of religion.

2. Order Defendant to institute and carry out policies, practices, and programs which provide Equal Employment Opportunities for religious observance and which eradicate the effects of its past and present unlawful employment practices.

3. Order Defendant to make Plaintiff whole by providing appropriate compensation for loss of earnings and benefits with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to re-employing Plaintiff, necessary to eradicate the effects of its unlawful employment practices.

4. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

5. Order Defendant to pay Plaintiff punitive damages sufficient to make an example of and to punish the Defendants.

6. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs.

7. Grant such further and additional relief as this Court deems just and proper.

Dated this 24th Day of April, 2014.

**STRINDBERG & SCHOLNICK, LLC**

/S/
Erik Strindberg
Attorneys for Plaintiff

B:\CurrentClientsUT\Church State Council\Alfaro, Enedina\Pleadings\Complaint Final.docx